

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00194-CR

_____

JOHNATHAN LEE WOOD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1323123

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

Our review of the clerk's record, the supplemental clerk's record, and the reporter's record in this case indicates that they contain "sensitive data" as that phrase is defined in Rule 9.10 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.10(a). Sensitive data includes "a birth date, a home address, and the name of any person who was a minor at the time the offense was committed." TEX. R. APP. P. 9.10(a)(3). The clerk's record, the supplemental clerk's record, and volumes one through six of the reporter's record contain the name of a person who was a minor at the time the offense was committed. Rule 9.10(b) states, "Unless a court orders otherwise, an electronic or paper filing with the court, including the contents of any appendices, must not contain sensitive data." TEX. R. APP. P. 9.10(b).

Rule 9.10(g) provides, "A court may also order that a document be filed under seal in paper form or electronic form, without redaction." TEX. R. APP. P. 9.10(g). Therefore, because the clerk's record, the supplemental clerk's record, and volumes one through six of the reporter's record contain sensitive data, we order the clerk of this Court or her appointee, in accordance with Rule 9.10(g), to seal the electronically filed clerk's record, the supplemental clerk's record, and volumes one through six of the reporter's record.

IT IS SO ORDERED.

BY THE COURT

Date: March 6, 2019